IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 3:07-329-CMC |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Terah Javan Shelton, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. The Government filed a response and a motion for summary judgment. The court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. Defendant filed his response and the matter is now before the court for ruling on the motion for summary judgment.

On March 21, 2007, Defendant was indicted for, *inter alia*, possessing with the intent to distribute 50 grams or more of cocaine base ("crack" cocaine) in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A). On August 21, 2007, Defendant appeared before this court and pleaded guilty to Count One of the Indictment, which consisted of the above-referenced charge.

Defendant was sentenced on January 10, 2008. At sentencing, this court found Defendant to be a career offender, denied his motion for a downward variance, and thereafter sentenced Defendant to 262 months' imprisonment.

Defendant appealed his sentence. On November 3, 2008, the Court of Appeals for the Fourth Circuit affirmed Defendant's sentence. *United States v. Shelton*, 298 F. App'x 218 (4th Cir. 2008). Shelton did not petition the United States Supreme Court for a writ of certiorari.

On February 1, 2010, Defendant filed the present motion for relief under 28 U.S.C. § 2255,

arguing that his trial counsel was ineffective.

## STANDARD

The standard governing ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed on such a claim, Defendant must first show that his counsel's performance was "deficient," *Strickland*, 466 U.S. at 687-88, and that such deficiency resulted in actual prejudice to Defendant. *Id*. As to the first prong of the *Strickland* test, a defense attorney's conduct is deficient if it fails to meet a standard of "reasonably effective assistance." *Id*. at 687. The question whether counsel's performance was deficient may only be answered by viewing counsel's actions or decisions in the light of all surrounding circumstances at the time the decision was made, not in the artificial light of hindsight. *See Lockhart v. Fretwell*, 506 U.S. 364, 371-72 (1993).

In addition to showing ineffective representation, Defendant must also show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In attempting to establish ineffective assistance of counsel, Defendant must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," as this court applies a "heavy measure of deference to counsel's judgments." *Id*. at 689-91.

In certain cases, it is not necessary to determine whether counsel's performance was deficient if the claim is readily dismissable for a lack of prejudice. *Id*. at 697.

## ANALYSIS

Defendant contends that his trial counsel was ineffective as counsel should have argued at sentencing that Defendant did not qualify as a career offender under § 4B1.1 of the United States

2

Sentencing Guidelines Manual ("USSG"). Specifically, Defendant claims that his 1998 consolidated judgment for violating the South Carolina criminal code is not a "controlled substance offense" within the meaning of § 4B1.2 of the USSG because that state code section allows conviction upon a showing that the defendant merely purchased narcotics.[1]

Defendant's arguments are unavailing.[2] Initially, the court notes that the charges to which Defendant pleaded guilty in state court were for two instances of the sale of powder cocaine, not mere possession.[3] These offenses therefore qualify as "controlled substance offenses" under § 4B1.2 of the USSG. Additionally, Defendant's attempt to challenge the validity of these prior state court convictions by contending that his state court plea hearing was somehow defective is not a proper determination for this court in the context of this § 2255 motion. The only instance wherein a defendant may collaterally attack prior convictions used to enhance his sentence under the Sentencing Guidelines is if the prior convictions were obtained in violation of the right to counsel. *Custis v. United States*, 511 U.S. 485, 487 (1994). Defendant makes no argument here regarding lack of counsel in state court.

For these reasons, Defendant cannot establish prejudice, and accordingly, this motion for relief fails.

---

[1] Defendant argues that his convictions were for violation of S.C. Code § 44-53-375. As noted by the Government in its response, however, Defendant's state court convictions were for the sale of powder cocaine under S.C. Code § 44-53-270(a)(1).

[2] The court also notes that the Fourth Circuit Court of Appeals, upon *Anders* review, found that this court properly calculated Defendant's guideline range. Technically, therefore, this matter was decided against Defendant on direct appeal, and he therefore cannot relitigate it in a § 2255 motion. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976) (§2255 petitioner may not "recast, under the guise of collateral attack, questions fully considered by this court").

[3] While these were two separate offenses, for purposes of correctly calculating Defendant's guidelines, the offenses were counted as one "prior sentence" under § 4A1.2(a)(2)(B).

## CONCLUSION

The Government's motion for summary judgment is **granted** and this motion is dismissed with prejudice.

**IT IS SO ORDERED.**

                                                    s/ Cameron McGowan Currie
                                                    CAMERON McGOWAN CURRIE
                                                    UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 22, 2010