IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | Cr. No. 3:07-329 (CMC) |
| v. | **OPINION AND ORDER** |
| Terah Javan Shelton, | |
| Defendant. | |

This case comes before the court on Defendant's Motion for Relief under the First Step Act of 2018.[1] ECF No. 138. The court has considered Defendant's motion, the Sentence Reduction Report ("SRR") (ECF No. 134), the PreSentence Report ("PSR") (ECF No. 134-1), the Government's Responses (ECF Nos. 137, 141), and Defendant's Reply (ECF No. 142).

In August 2007, Defendant entered a guilty plea to possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). ECF Nos. 34 (amended plea agreement), 36 (guilty plea). Because of a prior drug felony, he faced a penalty of 20 years to life imprisonment under 21 U.S.C. § 851. ECF No. 10.[2] Due to his status as a career offender, his total offense level was 34 and his criminal history category was VI, resulting in an advisory guideline range of 262 to 327 months' imprisonment and at least ten years' supervised

---

[1] Plaintiff filed a *pro se* motion for relief and/or appointment of counsel on January 7, 2019. ECF No. 133. As the Federal Public Defender was appointed and has filed a motion, this request is moot.

[2] It appears from a review of the PSR that the § 851 Information named two prior felony drug convictions; however, only one seems to have been levied against Defendant at sentencing. *See* ECF No. 134-1, PSR at 34. The PSR reflects the two convictions cited in the filed Information were not separated by an intervening arrest; therefore, they only counted as one for enhancement purposes.

release.  ECF No. 134-1 at 19, 22.  He was sentenced on January 18, 2008 to 262 months' imprisonment and ten years' supervised release.

In 2010, Congress passed the Fair Sentencing Act to reduce the disparity in the treatment of cocaine base and powder cocaine offenses.  *See* Pub. L. No. 111-220, 124 Stat. 2372 (increasing the quantities of cocaine base required to trigger §§ 841(b)(1)(A) and (B)).  The Fair Sentencing Act, however, did not apply retroactively until Congress passed the First Step Act of 2018.  *See* Pub. L. No. 115-391, 132 Stat. 5194.  Under § 404 of the First Step Act, a court that imposed a sentence for an offense covered under the Fair Sentencing Act "may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the offense was committed."  *Id.*  A court is not required to reduce a sentence under § 404.  *Id.*  Moreover, a sentence may not be reduced if the sentence was previously imposed or reduced in accordance with the Fair Sentencing Act, or if the defendant made a previous motion for a sentence reduction under § 404 of the First Step Act that was denied on the merits.  *Id.*

Defendant's sentence was not previously imposed or reduced in accordance with the Fair Sentencing Act, and he has made no other motion for a sentence reduction under the First Step Act.  Had the Fair Sentencing Act been in effect at the time of Defendant's sentencing, his statutory mandatory minimum sentence would have been ten years due to a drug quantity between 28 and 280 grams and his prior felony drug conviction.  *See* § 841(b)(1)(B); Pub. L. No. 111-220, 124 Stat. 2372.  Defendant would also have been subject to at least eight years' supervised release.

Defendant argues, however, that due to developments in the law since his sentencing, he is no longer subject to the § 851 enhancement and no longer qualifies as a career offender.  Thus,

2

Defendant contends he is entitled to a new sentencing hearing where his statutory range would be five to 40 years imprisonment with a guideline range of 188 to 235 months.

The Government agrees Defendant is eligible for a reduced term of supervised release. It contends, however, that because his guideline range is unchanged, *i.e.*, 262-327 months, he is not eligible for a reduced sentence of incarceration.

The court finds Defendant is not entitled to a new sentencing hearing and a reconsideration of the § 851 enhancement and career offender determinations made at the time of sentencing. Neither the Fair Sentencing Act nor the First Step Act expressly provide for a full or plenary resentencing for reconsideration of original sentencing determinations. The First Step Act simply permits a court to "impose a reduced sentence" as if the Fair Sentencing Act's increased cocaine base requirements "were in effect at the time the covered offense was committed." Pub. L. No. 115-391, 132 Stat. 5194.

Contrary to the Government's suggestion, however, nothing in the First Step Act conditions eligibility for a reduced sentence on a lowered guideline range. The Act provides authority to impose a reduced sentence when application of the Fair Sentencing Act results in a lower statutory range. Thus, whether the guideline range changes or not, Defendant may be considered for a reduced sentence of incarceration where his statutory mandatory minimum sentence is lowered. In deciding whether to impose a reduced sentence, the court will consider the new statutory range, the guideline range, the factors in 18 U.S.C. § 3553(a), and evidence of post-sentencing mitigation.

There is some dispute over the procedure to implement § 404 of the First Step Act. Some suggest the proper vehicle is a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). That

provision allows the court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . ." Section 994(o), in turn, gives the Sentencing Commission direction to periodically review and revise the Sentencing Guidelines. However, the sentencing changes wrought by the retroactive application of the Fair Sentencing Act are not the result of the sentencing Commission's revision to the Sentencing Guidelines, but Congress's enactment of a new statute. Therefore, by its plain terms, § 3582(c)(2) cannot apply.

The court believes the applicable provision is 18 U.S.C. § 3582(c)(1)(B), which provides that a "court may not modify a term of imprisonment once it has been imposed except that – (1) in any case - . . . (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." Section 404 of the First Step Act expressly authorizes by statute changes to the penalty range for certain long-final sentences.

Section 404 must be read together with other existing statutes – including § 3582(c). *See, e.g., United States v. Fausto*, 484 U.S. 439, 452-53 (1988) (courts must carry out the "classic judicial task of reconciling many laws enacted over time, and getting them to 'make sense' in combination."). Significantly, § 3582 provides an overarching provision that governs the finality of criminal sentences. *See, e.g., United States v. Goodwyn*, 596 F.3d 233, 245 (4th Cir. 2010) ([T]he law closely guards the finality of criminal sentences," and "Section 3582, which governs the imposition of federal prison sentences, embraces this principle.").

Section 3582(c)(1)(B) provides a straightforward way to implement the retroactive changes in the First Step Act because it permits a modification of a sentence when "expressly permitted by statute," as the First Step Act does here. Other district courts analyzing First Step Act motions for relief agree. *See, e.g., United States v. Davis*, No. 07-cr-245S, 2019 WL 1054554, at *2 (W.D.N.Y. Mar. 6, 2019); *United States v. Potts*, No. 2:98-cr-14010, 2019 WL 1059837, at *2-3 (S.D. Fl. Mar. 6, 2019); *United States v. Delaney*, No. 6:08-cr-00012, 2019 WL 861418, at *1 (W.D. Va. Feb. 22, 2019); *United States v. Fountain*, No. 1:09-cv-00013, 2019 WL 637715, at *2 (W.D.N.C. Feb. 14, 2019); *United States v. Jackson*, No. 5:03-cr-30093, 2019 WL 613500, at *1 (W.D. Va. Feb. 13, 2019); *United States v. Copple*, No 17-cr-40011, 2019 WL 486440, at *2 (S.D. Ill. Feb. 7, 2019); *United States v. Drayton*, Crim. No. 10-20018, 2019 WL 464872, at *2 (D. Kan. Feb. 6, 2019);*United States v. Kambler*, No. 09-cv-40050, 2019 WL 399935, at *2 (S.D. Ill. Jan 31, 2019).

Section 3582(c)(1)(B) also fits the structure of § 404 of the First Step Act. Section 404(b) of the First Step Act and § 3582(c) both provide that multiple actors – including a district court, the Director of the Bureau of Prisons, the Government, and defendants – may initiate requests for sentence reductions. Statutory provisions in § 3582(c) cover: motions filed by the Government (such as motions under Fed. R. Crim. P. 35 addressed in § 3582(c)(1)(B)); motions filed by the Director of the Bureau of Prisons (such as motions addressed in § 3582(c)(1)(A) and (c)(2)); motions filed by defendants (such as motions addressed in § 3582(c)(1)(A) and (c)(2)); and proceedings initiated by the sentencing court (such as motions addressed in § 3582(c)(2)).

When a defendant obtains relief under § 3582(c)(1)(B), that does not affect the finality of the original underlying sentence and judgment. *United States v. Sanders*, 247 F.3d 139, 142-43 (4th Cir. 2001) (explaining "[t]he plain language of 18 U.S.C. § 3582(b) establishes that a

5

modification of a sentence does not affect the finality of a criminal judgment."). The limited scope of § 3582(c) proceedings is reflected in Fed. R. Crim. P. 43(b)(4). Under that Rule, "[a] defendant need not be present under any of the following circumstances . . . . The proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)." In short, § 3582(c)(1)(B is the appropriate mechanism for granting relief under § 404 of the First Step Act.

Consequently, the court concludes that, although Defendant is eligible for consideration of a reduced sentence under the First Step Act, he is not entitled to a full resentencing. Defendant is subject to a mandatory statutory range of between ten years and life imprisonment and a supervised release term of at least eight years. His advisory guideline range is 262-327 months.

Prior to determining whether to impose a reduced sentence of incarceration, the court will consider the reduced statutory range, the guideline range, the 18 U.S.C. § 3553(a) factors and any evidence of post-sentencing mitigation. Therefore, the parties shall file, on or before April 29, 2019, any submissions relevant to these matters.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
April 15, 2019